```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------
DEREK SMITH,

                    Plaintiff,           10 Civ. 3136 (JGK)

        - against -                      MEMORANDUM OPINION
                                         AND ORDER
JOHN DOE #1, JOHN DOE #2, JOHN DOE
#3, RAYMOND KELLY, MICHAEL
BLOOMBERG, MICHAEL MORGENTHAU, NEW
YORK POLICE DEPARTMENT, NEW YORK
CITY HOUSING AUTHORITY, and THE CITY
OF NEW YORK,

                    Defendants.
--------------------------------------
```

**JOHN G. KOELTL, District Judge:**

The defendant, the New York City Housing Authority (the "Housing Authority"), moves to dismiss the Complaint against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. The motion is **granted**.

I

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the allegations in the Complaint are accepted as true. Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998). In deciding a motion to dismiss, all reasonable inferences must be drawn in the plaintiff's favor. Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995); Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir. 1989). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to

determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the Complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Twombly v. Bell Atl. Corp., 550 U.S. 544 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

The pleadings and allegations of a pro se plaintiff must be construed liberally for the purpose of a motion to dismiss pursuant to Rule 12(b)(6). See McKithen v. Brown, 481 F.3d 89, 96 (2d. Cir. 2007) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)); Weixel v. Bd. of Educ. of City of New York, 287 F.3d 138, 145-46 (2d Cir. 2002). Additionally, the submissions of a pro se litigant should be interpreted to "raise the strongest arguments that they suggest." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

## II

The plaintiff complains about his arrest on February 12, 2007. He attributes the arrest in part to the Housing Authority's alleged failure to maintain an adequate intercom system in a city housing project. He also complains about the actions of the police officers who arrested him and claims that

the Housing Authority should be liable for his alleged false arrest by the police.  He has also sued the New York City Police Department ("NYPD") and the unknown officers who arrested him.  The Complaint was placed in prison mail by the plaintiff on March 14, 2010.

The plaintiff's claims of negligence against the Housing Authority are plainly barred by the one-year-and-ninety-day statute of limitations for tort claims against the Housing Authority.  See N.Y. Pub. Hous. Law § 157(2).  Such claims are also barred by the plaintiff's failure to file a timely notice of claim against the Housing Authority. See N.Y. General Municipal Law § 50-e(1); White v. New York City Housing Authority, 831 N.Y.S.2d 515 (App. Div. 2007); Figueroa v. New York City Housing Authority, 707 N.Y.S.2d 37 (App. Div. 2000).

To the extent that the plaintiff is attempting to allege a claim for a violation of his constitutional rights based on false arrest, the plaintiff has failed to plead any facts to state a plausible claim for relief against the Housing Authority.  Insofar as he complains of a false arrest, his Complaint is directed against New York City police officers, and there are no allegations in the Complaint as to how the Housing Authority is responsible for the actions of New York City police officers.  The New York City Housing Authority police department was merged with the NYPD in 1995, and thereafter the Housing Authority has not maintained its own police department.  The Housing Authority is not liable for the actions of NYPD officers.  See Vasquez v.

City of New York, 99 Civ. 4606, 2000 WL 869492, at *4-5 (June 29, 2000).[1]

## CONCLUSION

The motion to dismiss by the Housing Authority is therefore **granted**.  The Clerk is directed to close Docket No. 6.

**SO ORDERED.**

**Dated:    New York, New York
           September 3, 2010**                        _____
                                                             **John G. Koeltl
                                                     United States District Judge**

---

[1] It is unnecessary to decide the Housing Authority's alternative argument that any claim for unconstitutional false arrest against the Housing Authority is barred by the statute of limitations.  The applicable statute of limitations for a violation of 42 U.S.C. § 1983 in this state is three years.  See Owens v. Okure, 488 U.S. 235, 251 (1989).  Any claim for false arrest by the plaintiff is likely time-barred, because his arrest occurred on February 12, 2007, and his Complaint was filed March 14, 2010.  The plaintiff argues that his claim for false arrest did not accrue until the proceedings were dismissed against him in October 2007.  That argument is without merit.  A claim for false arrest accrues at the time the arrest ends – for example, when the plaintiff is bound over by a magistrate or arraigned on charges.  Wallace v. Kato, 549 U.S. 384, 389-90 (2007).  While it is unlikely that the plaintiff was not brought before a court within 30 days of his February 12, 2007, arrest (as would be required to make his March 14, 2010, complaint timely), see Williams v. Ward, 845 F.2d 374, 387 (2d Cir. 1988) (finding a delay of 72 hours constitutionally permissible), there is no indication in the defendant's papers of the date on which the plaintiff was brought before a court and on which his claim thus accrued.

4

## CONCLUSION

The motion to dismiss by the Housing Authority is therefore granted.  The Clerk is directed to close Docket No. 6.

SO ORDERED.

Dated:   New York, New York
         September 3, 2010

                                        /s/ John G. Koeltl
                                        John G. Koeltl
                                        United States District Judge

5