```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------
DERRICK SMITH,

                    Plaintiff,            10 Civ. 3136 (JGK)

        - against -                       MEMORANDUM OPINION
                                          AND ORDER
JOHN DOE #1, JOHN DOE #2, JOHN DOE
#3, RAYMOND KELLY, MICHAEL
BLOOMBERG, MICHAEL MORGENTHAU, NEW
YORK POLICE DEPARTMENT, NEW YORK
CITY HOUSING AUTHORITY, and THE CITY
OF NEW YORK,

                    Defendants.
-----------------------------------
```

**JOHN G. KOELTL, District Judge:**

The defendant, former New York County District Attorney Robert Morgenthau, moves to dismiss the Complaint against him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted.  The Complaint generally complains about an alleged false arrest on February 12, 2007, and alleged subsequent malicious prosecution.  The motion is **granted**.

                                I

    On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the allegations in the Complaint are accepted as true.  Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998).  In deciding a motion to dismiss, all

reasonable inferences must be drawn in the plaintiff's favor. Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995); Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir. 1989). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the Complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Twombly v. Bell Atl. Corp., 550 U.S. 544 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

   The pleadings and allegations of a pro se plaintiff must be construed liberally for the purpose of a motion to dismiss pursuant to Rule 12(b)(6). See McKithen v. Brown, 481 F.3d 89, 96 (2d. Cir. 2007) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)); Weixel v. Bd. of Educ. of City of New York, 287 F.3d 138, 145-46 (2d Cir. 2002). Additionally, the submissions of a pro se litigant should be interpreted to "raise the strongest arguments that they

2

suggest." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

## II

The plaintiff has failed to make any allegations of the personal involvement of District Attorney Morgenthau in any of the events at issue in this case. Indeed, District Attorney Morgenthau is only mentioned in the caption and the list of defendants. Because there are no allegations of the personal involvement on District Attorney Morgenthau, all of the claims against him must be dismissed. See, e.g., Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006); Haygood v. City of New York, 64 F. Supp. 2d 275, 279-80 (S.D.N.Y. 1999).

In addition, the to the extent that the plaintiff was attempting to sue District Attorney Morgenthau in his official capacity, those claims are barred by the Eleventh Amendment. See, e.g., Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997); Ying Jing Gan v. City of New York, 996 F.2d 522, 536 (2d Cir. 1993).

Finally, any effort to sue District Attorney Morgenthau in his individual capacity for any role in the prosecution would be barred by absolute prosecutorial immunity. See, e.g., Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993); Van de Kamp v. Goldstein, 129 S. Ct. 855, 861 (2009); Day v. Morgenthau, 909

3

F.2d 75, 77 (2d Cir. 1990) (absolute immunity from liability under section 1983); Arteaga v. State, 527 N.E.2d 1194, 1197 n.1 (N.Y. 1988) (absolute immunity from liability under state law).[1]

## CONCLUSION

The motion to dismiss the Complaint against former district attorney Morgenthau is therefore **granted**. The Clerk is directed to close **Docket No. 18**.

SO ORDERED.

Dated:   New York, New York
         November 30, 2010

                                    John G. Koeltl
                                    United States District Judge

---

[1] It is unnecessary to reach the additional grounds for dismissal asserted by former district attorney Morgenthau.